Cheves, J.
delivered the opinion of the Court.
The general rule of the English authorities is, if no interest has been paid on a bond for 20 years, it shall be presumed in law to be satisfied. It has been left to a Jury on sixteen years, where there were circumstances to fortify the presumption. (1 Burr. 434. Cowp. 109.) And no precise time has been fixed. (1 Term Rep. 272.) Sir William Scott has refused to decree on a bottomrey bond after an interval of twelve years. (5 Rob. Adm. Rep. 96.) The foundation of the English' rule, it has been sometimes supposed, was the rate of interest in England, which is 5 per cent, at which rate, in 20 years bonds, the penal sum of which is usually double that of the condition, would cease to bear interest, unless interest had been paid within that period. But this cannot have been the foundation of it, for in Lord Hale's time, who was the author of the rule, the interest of England was not less than 6 per cent. It was more probably introduced by analogy from some of the provisions of the Statute of Limitations. On this supposition, it has been argued by defendant’s counsel that the presumption should arise in this country in *180 a shorter period than 20 years, because generally in the United States, and particularly in this state, the periods for the limitation of suits and rights are shorter. But a sufficient answer to this argument is, that in this state, and in other states of the union, the English rule has been adopted. (1 Bay, 482. 3 Day's Cases, 289. 3 Caines' Rep. 48. 7 Johns. 556, and 2 Cranch, 180.)
Though a shorter time than 20 years may be submitted to a Jury, as presumption of payment, yet it ought to be supported by Rome other evidence; though slight circumstances will be sufficient when the time approaches closely to 20 years.
But whatever, he the origin of the rule, its operation is entirely different from that of the Statutes of Limitation. Time, under them, is itself a legal bar of recovery; hut under this rule it only affords a presumption of payment, and this presumption may be obviated by circumstances which establish a contrary presumption. The rule is a reasonable rule, and the presumption may be rebutted by facts which destroy the reason of the rule. (1 Bay, 482. 2 Cranch, 184.)
Though it he true that a shorter time than 20 years may be submitted to a Jury, yet to authorize the presumption of payment in such cases there ought to he some other evidence. (1 Term Rep. 272.) But very slight circumstances will be sufficient, no doubt, when the time approaches closely to twenty years.
In this case no interest was paid on the bond after the 24th January, 1787, and this action was brought on the 27th September, 1810; a period of 23 years and upwards had therefore elapsed from the last receipt of interest, from which the presumption of payment clearly arises, unless it *181 be rebutted by facts or circumstances which establish a contrary presumption. The only circumstance on which the plaintiff relies, is, that he commenced a suit on the bond in August, 1793, which he afterwards abandoned. This, so far from creating a presumption favourable to his claim, appears to be a very strong one against it. It is altogether unlike the case where two writs of testatum capias had been sued out, but not served, because defendant could not be found. There every exertion had been made to prosecute the claim; here it has been abandQned. The fact affords more than the presumption of omission; it is in the nature of an express and affirmative renunciation of the claim. ' There is another very strong circumstance, were any thing more necessary, in favour of .the presumption of payment. The bond was payable out of the funds of an intestate’s estate, at the commencement of the suit, in 1793, and before that time. Now the payment of such a demand does not admit (except under very extraordinary circumstances, which would require to be proved as exceptions) of such a suspension, for reasons which are too cogent to be neglected by men of any prudence.
Prioleau, for the motion.
J. B. White and Richardson. contra.
I am, therefore, clearly of opinion a new trial ought not to be granted, and this is the unanimous opinion of the Court.
The other Judges concurred.